*Counsel for Class Plaintiff:*
Sunny G. Khehra, State Bar No. 308967
sunny@khehra.law
Joshua E. Yagoubzadeh, State Bar No. 285861
josh@yaglaw.com
**KHEHRA LAW CORPORATION**
13700 Foothill Blvd., Unit 921384
Sylmar, CA 91392
(818) 698-8595

Attorneys for Plaintiff,
EDGAR A. ZAVALANAVARRETE

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

### BAKERSFIELD DIVISION

| | |
|---|---|
| EDGAR A. ZAVALANAVARRETE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GEICO GENERAL INSURANCE COMPANY,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>1. Breach of Contract,<br>2. Unlawful, Unfair and Fraudulent Business Practices [Cal. Bus. & Prof. Code § 17200, et seq.]<br>3. Fraud<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COMES NOW Plaintiff Edgar A. Zavalanavarrete, by and through the undersigned counsel and on his own behalf and all others similarly situated, individually and as class representative, and for his causes of action against the Defendant, states and alleges as follows:

**<u>PARTIES</u>**

1. Plaintiff Edgar A. Zavalanavarrete (hereinafter "Plaintiff") at all times herein referenced, is an individual residing at 9313 Wareham Drive, Bakersfield, California 93313.

2. Defendant GEICO General Insurance Company (hereinafter "GEICO") is, and at all times herein referenced, was a corporation duly organized and existing under and by virtue of the laws of Washington, D.C. and transacting the business of insurance in the State of California and

within this judicial district. GEICO is available for service of process via CT Corporation System, 818 West Seventh Street, 2nd Floor, Los Angeles, California 90017.

## INTRODUCTION

3. This is a consumer class action brought by Plaintiff, individually and on behalf of all others similarly situated, against GEICO. The State of California explicitly requires that insurers, like GEICO, who sell automobile liability insurance in the State of California must provide their insureds with uninsured or under-insured motorist ("UM/UIM") coverage limits in the same amount as bodily injury liability ("BIL") coverage limits provided by the insurance policy. Cal. Ins. Code § 11580.2. The only exception to this statutory requirement is when the consumer executes a written waiver of this requirement.

4. Rather than comply with California law, GEICO has a policy and practice of deceptively selling automobile liability insurance with UM/UIM coverage limits less than the coverage provided for BIL, without obtaining the required written waivers from its insured. As a result, Plaintiff and members of the putative class have been illegally sold such policies with UM/UIM coverage in amounts far below the BIL coverage.

5. When Plaintiff and members of the putative class have needed the additional coverage, they have been denied it by GEICO, who relies on the illegally procured lower UM/UIM limits. This conduct by GEICO violates its statutory duties, is fraudulent, constitutes a breach of contract and violates Cal. Bus. & Prof. Code § 17200, et seq. GEICO's actions entitle Plaintiff and members of the putative class to relief.

6. This class action seeks to redress GEICO's illegal, fraudulent and unfair actions by compelling GEICO to provide UM/UIM coverage equal to BIL coverage in its California insureds' policies. The action seeks declaratory, injunctive and/or monetary relief for Plaintiff and all others similarly situated.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because:

   a. This is a civil action filed pursuant to FED. R. CIV. P. 23 brought by one or more representative persons as a class action;

b. The amount in controversy of all Class Members in the aggregate exceeds the sum or value of $5,000,000.00, exclusive of interest and costs;

c. Many members of the putative class are citizens of States other than Washington, D.C., which is the residence of the Defendant; and

d. All other factual conditions precedent necessary to empower this Court with subject matter jurisdiction and personal jurisdiction have been satisfied.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 by virtue of (i) the residence of the Plaintiff in this district and (ii) a substantial part of the events giving rise to the claims occurred in this district.

## NATURE OF THE ACTION

9. Plaintiff seeks redress and recovery for himself as an insured and on behalf of similarly situated owners or former owners of automobile insurance coverage issued by Defendant GEICO. The action arises from GEICO's sale of automobile liability insurance as well as its claims handling processes, including its systematic refusal to pay Plaintiff and members of the putative class the full amount of UM/UIM coverage.

10. Under California law, all automobile liability policies with BIL coverage are required to contain a provision for coverage of UM/UIM with limits at least equal to the limits of liability for BIL.  Cal. Ins. Code § 11580.2.

11. An insured may make an agreement in writing prior to or subsequent to the issuance or renewal of a policy to remove or alter the provision covering damage caused by an uninsured/underinsured motor vehicle.  Cal. Ins. Code § 11580.2.

12. On January 30, 2016, Plaintiff contracted with GEICO for an automobile insurance policy, making no agreement in writing to alter or remove the provision covering uninsured/underinsured motorists. The policy provided $100,000/$300,000 for bodily injury and $100,000/$300,000 for both uninsured and underinsured motorist bodily injury, pursuant to California law.

13. On March 19, 2016 Plaintiff while driving a vehicle insured under his GEICO policy was struck by a hit and run driver whose vehicle was not covered by any automobile insurance

policy. As a result of this collision, Plaintiff and passengers in Plaintiff's vehicle suffered bodily injuries.

14. On March 30, 2016, GEICO sent correspondence to Plaintiff stating Plaintiff's GEICO policy provided for UM/UIM coverage in amounts $100,000/$300,000 respectively; equal to the amount of his BIL coverage of $100,000/$300,000.

15. Based upon GEICO's express representation, Plaintiff and the passengers in Plaintiff's vehicle continued to seek medical treatment which resulted in medical expenses totaling in excess of $300,000.

16. On August 8, 2017, Plaintiff made a claim under his GEICO policy for the full $300,000 UM/UIM policy limits on behalf of himself and the passengers in his vehicle.

17. On August 16, 2017, GEICO sent Plaintiff correspondence offering to tender $30,000 in full settlement of the claim for all six (6) injured parties.

18. On August 22, 2017, GEICO sent Plaintiff correspondence reiterating its offer to settle the claim by globally tendering $30,000 to all six (6) injured parties and stating Plaintiff's GEICO policy only offered UM/UIM coverage in the amount of $15,000 per person/$30,000 per occurrence.

## CLASS ALLEGATIONS

19. This action is brought by the Plaintiff, individually and on behalf of all others similarly situated, pursuant to Rules 23(a) and (b)(2) and (b)(3) of the Federal Rules of Civil Procedure. Plaintiff proposes the following class and subclass comprised of those who were harmed by Defendant's Breach of Contract and/or violations of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.). The Class is defined as follows:

> All persons who, within the four years preceding the date of the filing of this complaint, were policyholders or beneficiaries of standard automobile liability insurance policies sold in the State of California by GEICO that have been provided Uninsured/Underinsured Motorist (UM/UIM) benefits coverage limits of less than the limits of Bodily Injury Liability (BIL) whether or not such UM/UIM benefits coverage limits were disclosed and as to whom GEICO does not have in its possession a written, affirmative election of reduced UM/UIM

coverage limits consistent with the requirements of Cal. Ins. Code § 11580.2(a)(3).

This action is also brought on behalf of the following sub-class:

All persons in the Class, who suffered injuries in a covered accident in excess of the UM/UIM limit stated in their policies covering such accident, and who were denied UM/UIM coverage up to the BIL limit in the relevant policy when GEICO did not possess a written, affirmative election of reduced UM/UIM coverage limits consistent with the requirements of Cal. Ins. Code § 11580.2(a)(3).

20.     Excluded from the proposed classes are Defendant, any entity in which any Defendant has a controlling interest, any agents, employees, actuaries, officers and/or directors of the Defendant, any persons or entities currently in bankruptcy, any persons or entities whose obligations have been discharged in bankruptcy, and any federal governmental agency, entity, or judicial officer.

21.     All information necessary to determine the class members and the damages those members suffered are in Defendant's possession or control.

## **COMMON QUESTIONS OF LAW AND FACT PREDOMINATE**

22.     There are common questions of law and fact of general interest to the class. These common questions of law and fact predominate over any questions affecting only individual members of the class, included among the common questions are:

a. Whether an injunction is necessary to keep Defendant from continuing to engage in the wrongful conduct alleged herein.

b. Whether Defendant's conduct as alleged herein is unconscionable.

c. Whether Defendant conspired to commit the wrongful acts alleged herein.

d. Whether Defendant engaged in unlawful, unfair and fraudulent business practices.

e. Whether Plaintiff and members of the putative class were damaged by Defendant's unfair and fraudulent business practices and/or misleading advertising.

f. Whether Plaintiff and members of the putative class were damaged by Defendant's fraudulent scheme.

g. Whether Defendant has ceased engaging in the wrongful conduct alleged herein.

CLASS ACTION COMPLAINT

## TYPICALITY AND NUMEROSITY

23. The claims of the named Plaintiff are typical of the claims of the class. Upon information and belief, the size of the putative class exceeds five hundred (500) members.

24. According to its website (https://www.geico.com/about/corporate/at-a-glance/), GEICO has over 13 million auto policies in force and insures more than 22 million vehicles nationwide.

## ADEQUATE REPRESENTATION

25. The named Plaintiff will fairly and adequately protect the interests of the members of the class and has no interest antagonistic to those of other class members. Plaintiff has retained class counsel who are competent to prosecute class actions and are financially able to represent the class.

## SUPERIORITY

26. The class action mechanism is superior to other available methods for the fair and efficient adjudication of this litigation since individual joinder of all members of the class is impracticable. The class action mechanism provides the benefit of unitary adjudication, economies of scale and comprehensive supervision by a single court. The interests of judicial economy favor adjudicating the claims for Plaintiff and putative class members as a class rather than for Plaintiff and putative class members on an individual basis.

27. Defendant has acted on grounds applicable to the class as a whole, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

## FACTUAL ALLEGATIONS

28. Plaintiff was at all relevant times herein an insured of GEICO under Policy No. 4404962641(the "policy").

29. The policy contained BIL limits of $100,000/300,000. Plaintiff does not recall executing any agreement reducing UM/UIM limits below the BIL limits.

30. On March 19, 2016, Plaintiff was involved in a motor vehicle accident. As a result of this accident, Plaintiff sustained injuries that were severe enough to trigger the UM/UIM coverage afforded by his GEICO policy. Plaintiff promptly submitted his insurance claim to

GEICO. On March 31, 2016, GEICO employee, Steven Hastings, wrote to Plaintiff informing him that his BIL limits were $100,000/$300,000 and that his UM/UIM limits were $100,000/$300,000. However, in arbitration proceedings regarding Plaintiff's UM/UIM claim, GEICO insists that Plaintiff's UM/UIM coverage limits are $15,000/30,000 and refuses to tender the $100,000/$300,000 limits required under the terms of the policy.

31. Upon renewal of Plaintiff's GEICO policy on February 4, 2017, GEICO unilaterally reduced Plaintiff's UM/UIM coverage from $100,000/$300,000 to $20,000/$40,000.

32. GEICO has not provided any documents evidencing Plaintiff's written, affirmative election of reduced UM/UIM coverage limits consistent with the requirements of Cal. Ins. Code § 11580.2(a)(3).

## FIRST CAUSE OF ACTION

### Breach of Contract

33. Plaintiff Edgar A. Zavalanavarrete, on his own behalf and as representative of the Classes, and for the First Cause of Action of this complaint, states and alleges as follows:

34. To the extent they are not inconsistent; the Plaintiff incorporates by reference all allegations set forth in this Complaint as if more fully set forth herein.

35. Plaintiff has a policy of insurance issued by GEICO. The Policy No. is 4404962641, and the policy provides BIL and UM/UIM coverage with the following limits: $100,000/$300,000.

36. The Plaintiff agreed with Defendant that, in exchange for premium payments, Defendant would pay insurance benefits to Plaintiff in the event that bodily injury to the Plaintiff occurs in accordance with the terms of the policy. The policy also provides that Defendant will pay insurance benefits to Plaintiff in the event that he sustains bodily injury in an automobile accident and the driver at fault is uninsured or underinsured.

37. The Plaintiff has fully performed his obligations under the policy.

38. The Plaintiff sustained bodily injury on March 19, 2016 as a result of a motor vehicle accident and has a lawful claim for UM/UIM benefits.

39. Defendant has failed to perform and materially breached the policy by delaying and denying benefits due under the policy. Defendant has further breached the policy by refusing to

honor the UM/UIM coverage limits purchased by Plaintiff and afforded under the terms of the policy.

40. As a direct and proximate result of the Defendant's breach of the policy, the Plaintiff has suffered pecuniary damages, damages under the policy, plus interest, and other economic, non-economic, general, special, incidental, and consequential damages including but not limited to the full value of the benefits due to Plaintiff under the policy. The total amount of damages is currently unknown but will be shown at the time of trial.

## SECOND CAUSE OF ACTION

## Unlawful, Unfair, and Fraudulent Business Practices

## (California Business and Professions Code § 17200, et. seq.)

41. Plaintiff Edgar A. Zavalanavarrete, on his own behalf and as representative of the Classes, and for the Second Cause of Action of this complaint, states and alleges as follows:

42. To the extent they are not inconsistent, the Plaintiff incorporates by reference all allegations set forth in this Complaint as if more fully set forth herein.

43. Through the conduct described herein, and particularly through the wrongful denial or refusal to pay the Plaintiff the full amount of UM/UIM benefits due him under the contract, Defendant engaged in unlawful, unfair, and fraudulent business practices in violation of Business and Professions Code § 17200, et seq. Defendant's acts and practices offend an established public policy, and Defendant has engaged in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to California consumers, including Plaintiff.

44. Defendant's acts of unlawful, unfair, and fraudulent business practices include violations of the California Insurance Code §§ 11580.2 and 790.03(k)(1). Such acts include but are not limited to:

    a. GEICO is required to pay the full insurance benefits due under the policy.

    b. GEICO is required to include a provision in all policies for vehicle insurance it issues that provides equal, if not greater, coverage for underinsured/uninsured motorists relative to bodily injury coverage.

    c. GEICO is required to obtain, in writing, any desired alterations or removal of this

provision from the insured prior or subsequent to the issuance or renewal of the policy.

    d. GEICO has wrongfully altered the benefit amount of uninsured/underinsured motorists covered under this provision without the written approval of the Plaintiff.

    e. GEICO knowingly misrepresented the pertinent insurance policy provision relating to the coverage at issue.

    f. GEICO misrepresented to Plaintiff the benefits due under the policy to induce the Plaintiff to forfeit the full amount of the benefits contracted for at the issuance of the policy.

45. Plaintiff reserves the right to allege other violations that constitute other unlawful, fraudulent and unfair business practices. Upon information and belief, Defendant's wrongful conduct in violation of § 17200, et seq. is ongoing and continues to this date.

46. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.

47. Plaintiff respectfully requests this Court issue an injunction against Defendant preliminarily and permanently enjoining it from continuing to engage in the unlawful conduct and preventing Defendant from wrongfully denying valid UM/UIM claims by knowingly altering the coverage amount without the policyholders' written consent.

48. Defendant's actions, nondisclosures, and misleading statements, as alleged in this Complaint, were and are likely to deceive Plaintiff and the public, and are intended to deceive Plaintiff and members of the public. Plaintiff has in fact been deceived and has relied on Defendant's representations and omissions.  This reliance has caused harm to Plaintiff and Plaintiff has suffered injury in fact and lost money as a result of Defendant's unlawful, unfair, and fraudulent practices.

49. As a result of its unlawful, unfair, and fraudulent practices, Defendant has been able to reap unjust revenue and profit. Further, upon information and belief, unless restrained and enjoined, Defendant will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

50. Defendant's actions also constitute "unfair" business acts or practices because, as alleged above, inter alia, Defendant engages in the business practice of denying payment of the full benefits contracted for without written consent for what the California Insurance Code requires. Defendant misrepresents, misleads, and omits material facts regarding its duties and the duties of its insureds, and thereby offends an established public policy, and engages in immoral, unethical, oppressive, and unscrupulous activities that are substantially injurious to consumers including Plaintiff.

51. Plaintiff, on behalf of himself, and the general public, seeks restitution of all money improperly obtained from Plaintiff which Defendant collected or received as a result of unlawful, unfair, or fraudulent practices; an injunction prohibiting Defendant from continuing such practices; and all other relief the Court deems proper and just, consistent with, inter alia, Business and Professions Code § 17203.

### THIRD CAUSE OF ACTION

### Fraud

52. Plaintiff Edgar A. Zavalanavarrete, on his own behalf and as representative of the Classes, and for the Third Cause of Action of this complaint, states and alleges as follows:

53. To the extent they are not inconsistent, the Plaintiff incorporates by reference all allegations set forth in this Complaint, as if more fully set forth herein.

54. At all times material hereto, GEICO never intended to pay legitimate UM/UIM claims in the coverage amounts contained in its insured's policies although it had promised to do so.

55. GEICO wrongfully suppressed the truth of its plan to alter the coverage limits in the policy, contrary to the limits expressly consented to by Plaintiff.

56. The Plaintiff reasonably relied on his belief that all material facts about GEICO's business practices had been disclosed to him and upon that reliance paid premiums to GEICO and did not do business with other insurance carriers.

57. As a direct and proximate result of the Defendant's fraud, the Plaintiff has suffered pecuniary damages, damages under the policy, plus interest, and other economic, non-economic, general, special, incidental, and consequential damages, including but not limited to mental anguish,

severe frustration, and the value of the policy benefits denied. The total amount of damages is currently unknown but will be shown at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, prays for judgment providing:

A. Injunctive relief to preliminarily and permanently enjoin Defendant, its representatives, and all others acting with it or on its behalf:

   i. From continuing to engage in the unlawful conduct and preventing Defendant from wrongfully denying valid uninsured/underinsured motorist provision claims by altering the provision's coverage limits without the written consent of the policyholder.

B. Incidental or other monetary relief in the form of repayments to Plaintiff of his wrongfully denied uninsured/underinsured motorist provision claim.

C. Alternatively, general damages, consequential damages, and other incidental damages as described above and in a sum to be determined at the time of trial.

D. Restitutionary relief requiring Defendant to disgorge and divest all money wrongfully retained from the Plaintiff as a result of, or caused by, the artificial, sham, unlawful, and unreasonable denial of the uninsured/underinsured motorist provision claim made under the policy.

E. A declaration that the denial of the Plaintiff's uninsured/underinsured motorist provision claim is a material breach of the policy and that Defendant must pay uninsured/underinsured motorist provision claim when it has a valid provision in the policy to pay such limits contracted for.

F. Attorneys' fees expended and incurred in recovery of benefits and enforcement of the terms of the policy against Defendant in a sum to be determined at the time of trial.

G. Cost of suit incurred herein.

H. An award of prejudgment and post-judgment interest.

I. Such other and further relief as deemed appropriate by this Court.

### **DEMAND FOR JURY TRIAL**

Plaintiff on his own behalf and on behalf of the putative class, demands a jury trial in the above captioned matter.

DATED: February 21, 2020                    **KHEHRA LAW CORPORATION**

                                BY:   /s/ Sunny G. Khehra
                                      SUNNY G. KHEHRA, Esq.
                                      Attorneys for Plaintiff,
                                      EDGAR A. ZAVALANAVARRETE

                                      KHEHRA LAW CORPORATION
                                      13700 Foothill Blvd., Unit# 921384
                                      Sylmar, CA 91392
                                      Tel: (818) 698-8595
                                      Fax: (818) 643-5886